UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT and SHERI WHITTINGTON,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

CASE NO. C14-5117 BHS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant United States of America's ("Government") motion for summary judgment (Dkt. 14). The Court has considered the pleadings and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On February 7, 2014, Plaintiffs Scott Whittington ("Scott") and Sheri Whittington ("Sheri") filed virtually identical suits against the Government under 26 U.S.C. § 7431. C14-5117, Dkt. 1; C14-5118, Dkt. 1. Scott and Sheri allege that the IRS wrongfully disclosed their respective tax return information in violation of 26 U.S.C. § 6103(a). C14-5117, Dkt. 1; C14-5118, Dkt. 1.

ORDER - 1

On May 21, 2014, the Court consolidated the two suits. Dkt. 11.

On July 15, 2014, the Government moved for summary judgment. Dkt. 14. Scott and Sheri did not respond.

## II. FACTUAL BACKGROUND

Scott and Sheri are married and reside in Washington, a community property state. Dkt. 15, Declaration of Patrick E. McGuire ("McGuire Dec.") at 2.

Between 2006 and 2009, Scott did not file individual income tax returns. *Id.* Unlike her husband, Sheri filed income tax returns between 2006 and 2009. *Id.* at 3. Sheri reported the income she earned, but did not report her one-half share of Scott's income. *Id.*

In January 2010, the IRS audited Scott's income tax liabilities for the 2006 through 2009 tax years. *Id.* at 3. The IRS determined that Scott was liable for the income tax on his unreported income, as well as his one-half share of Sheri's income. *Id.* Based on these determinations, the IRS sent a deficiency notice to Scott on October 23, 2012. Dkt. 16, Declaration of Michael Hatzimichalis ("Hatzimichalis Dec."), Ex. 1. The notice disclosed Sheri's one-half share of marital income. *Id.*

The IRS also audited Sheri's income tax liabilities for the 2006 through 2009 tax years. McGuire Dec. at 3. The IRS determined that Sheri was liable for the income tax on her one-half share of Scott's income. Hatzimichalis Dec., Ex. 2. Based on these determinations, the IRS sent a deficiency notice to Sheri on October 23, 2012. *Id.* The notice disclosed the IRS's determinations regarding Scott's one-half share of marital income. *Id.*

ORDER - 2

On January 23, 2013, Scott and Sheri filed petitions to redetermine their proposed tax deficiencies with the U.S. Tax Court. *Scott A. Whittington v. Comm'r*, No. 002060-13; *Sheri L. Whittington v. Comm'r*, No. 002061-13. On December 4, 2013, the IRS sent Sheri trial exhibits. *See* Hatzimichalis Dec., Ex. 6. The trial exhibits included bank records and evidence of Scott's income. *Id.* On December 5, 2013, the IRS sent Scott trial exhibits. *See* Hatzimichalis Dec., Ex. 10. The exhibits included bank records and evidence of Sheri's income, including her tax returns. *Id.*

### III. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Government's Motion for Summary Judgment**

Scott and Sheri allege that the IRS wrongfully disclosed their respective tax return information in violation of 26 U.S.C. § 6103(a).  C14-5117, Dkt. 1; C14-5118, Dkt. 1.  The Government moves for summary judgment, arguing that all disclosures were authorized by 26 U.S.C. § 6103(h)(4).  Dkt. 14 at 6.

Section 6103(a) prohibits the disclosure of confidential tax returns and return information unless a statutory exception applies.  26 U.S.C. § 6103(a); *Aloe Vera of Am., Inc. v. United States*, 699 F.3d 1153, 1156 (9th Cir. 2012).  "Return information" is broadly defined and includes "a taxpayer's identity, [and] the nature, source, or amount

of his income." 26 U.S.C. § 6103(b)(2)(A).

Section 6103(h)(4) sets forth various exceptions to the general rule prohibiting disclosure of tax return information. Section 6013(h)(4) provides, in part:

> A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration . . .
> (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding; [or]
> (C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding . . . .

*Id.* § 6103(h)(4)(B), (C).

In this case, the Government's disclosures were proper under 26 U.S.C. § 6103(h)(4)(B). The Government disclosed Scott and Sheri's respective tax return information during income tax audits and U.S. Tax Court proceedings. Income tax audits are considered administrative proceedings. *See Abelein v. United States*, 323 F.3d 1210, 1214–15 (9th Cir. 2003); *Delpit v. Comm'r*, 18 F.3d 768, 770 (9th Cir. 1994). U.S. Tax Court proceedings are judicial proceedings. *See* 26 U.S.C. §§ 7441, 7442.

Additionally, the Government's disclosures directly relate to the resolution of tax liability issues in the audits and tax court litigation. As Washington residents, Scott and Sheri were required to report their one-half share of marital community income on their individual income tax returns. *See* RCW 26.16.030; *see also Comm'r v. Dunkin*, 500 F.3d 1065, 1069–70 (9th Cir. 2007). Scott and Sheri, however, failed to report their one-half shares of community income. The IRS audited Scott and Sheri to determine the correct amount of their taxable income. Scott's return information directly relates to

Sheri's taxable income. Conversely, Sheri's return information directly relates to Scott's taxable income. Section 6103(h)(4)(B) therefore authorized the Government's disclosures.

The Government's disclosures were also proper under 26 U.S.C. § 6103(h)(4)(C). As discussed above, the Government disclosed Scott and Sheri's tax return information in administrative and judicial proceedings. Moreover, the disclosed information relates to a transactional relationship between Scott and Sheri that directly affects the audits and tax court litigation. Given the community property nature of their income, a transactional relationship existed between Scott and Shari. This relationship directly affects the amount of Scott and Sheri's taxable income—an issue in both the audits and the tax court litigation. Accordingly, section 6103(h)(4)(C) also authorized the Government's disclosures.

### IV. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion for summary judgment (Dkt. 14) is **GRANTED.** The clerk is directed to close the case.

Dated this 22nd day of September, 2014.

BENJAMIN H. SETTLE
United States District Judge